UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BRIAN COLEMAN,

    Plaintiff,

v.                                 Case No.

SEA SALT ST. PETE LLC, a
Florida limited liability company,
and FABRIZIO AIELLI,

    Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, BRIAN COLEMAN, hereby sues Defendants, SEA SALT ST. PETE LLC, a Florida limited liability company ("Sea Salt"), and FABRIZIO AIELLI ("Aielli"), and alleges:

## NATURE OF ACTION

1. This action is brought by a long-term former server at Defendant's Sea Salt restaurant to recover misappropriated "tips" and $3.02 per hour for all hours worked during the three year period before this action is commenced.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331.

3. The unlawful conduct alleged herein was committed within the jurisdiction of the Tampa Division of the United States District Court for the Middle District of Florida.

4. Defendants conduct business in the Middle District of Florida and operate various restaurants including the Sea Salt in St. Petersburg, Florida, where Plaintiff was employed as a fine dining server.

5. Defendant Sea Salt is an enterprise engaged in commerce under the FLSA and has annual revenues greater than $500,000 per year at all material to this action.

6. Defendant Aielli is the managing member of Defendant Sea Salt and is responsible for the adoption of the illegal tip-misappropriation schemes alleged herein. As such, Defendant Aielli is an employer and is liable for Sea Salt's violations of the FLSA.

## FACTUAL BACKGROUND

7. Plaintiff commenced employment with Defendant Sea Salt in 2015 and his employment ended in March 2021.

8. Plaintiff was paid on the basis of the reduced minimum wage for tipped employees and tips.

9. At all relevant times, Defendant claimed a tip-credit as to Plaintiff and other servers similarly situated.

10. Sea Salt customers tipped Plaintiff through cash and credit card tips.

11. Plaintiff was paid a reduced minimum wage pursuant to 29 U.S.C. § 203(m), which states:

> In determining the wage an employer is required to pay a tipped employee, the amount paid such employee by the employee's employer shall be an amount equal to--
>
> > (1) the cash wage paid such employee which for purposes of such determination shall be not less than the cash wage required to be paid such an employee on August 20, 1996; and
> >
> > (2) an additional amount on account of the tips received by such employee which amount is equal to the difference between the wage specified in paragraph (1) and the wage in effect under section 206(a)(1) of this title.
>
> The additional amount on account of tips may not exceed the value of the tips actually received by an employee. The preceding 2 sentences shall not apply with respect to any tipped employee unless such employee has been informed by the employer of the provisions of this subsection, and **all tips received by such employee have been retained by the employee**, except that this subsection shall not be construed to prohibit the pooling of tips among employees who customarily and regularly receive tips.

12. Plaintiff was not permitted to retain all tips received by him from customers.

13. Within different and some overlapping periods, Plaintiff's tips were misappropriated by Defendant as follows: (1) Defendant subtracted from Plaintiff's credit card tips 5 percent of wine sales when an otherwise non-tipped assistant general manager was clocked in to work as a "Sommelier"; (2) Plaintiff had to pay $1.00 per shift from his credit card tips to receive information on his tip income through an application known as GratShare; (3) Plaintiff's credit card tips were reduced to reimburse Defendant for the cost of processing the credit card transaction; and (4) during May-June 2020, Defendant kept all or some of Plaintiff's credit card tips during a period when Defendant used Paycheck Protection Program forgivable loan proceeds to compensate employees after the restaurant re-opened on May 2, 2020.

14. On a daily basis, Plaintiff would be informed through GratShare how much his work as a server generated in credit card tips and allocations of those credit card tips to (1) contributions to a mandatory tip-pool (and each employee within that pool); (2) payment for the GratShare application at $1:00 per shift; (3) amounts paid to the management employee on duty referred to as the "Sommelier"; and (4) deductions for credit card transaction fees.

15. Plaintiff worked on average 30 hours per week and as a server was paid at the amount of the full Florida minimum wage less $3.02 per hour subtracted as the tip-credit.

## COUNT I
## (Unpaid Minimum Wage)

16. Plaintiff incorporates paragraphs 1 through 15 as if fully stated herein.

17. For each week during the last three years, Defendants refused to allow Plaintiff to retain all tips generated by his work in violation of 29 U.S.C. § 203(m).

18. Defendants were not entitled to take a tip-credit for any week when any tip income generated by Plaintiff was usurped by management in violation of the tip-credit provision of the FLSA.

19. Plaintiff is entitled to actual damages of $3.02 per hour for each hour worked and liquidated damages in an equal amount

**WHEREFORE**, Plaintiff request this Honorable Court to:

    A. Grant a judgment requiring Defendants to pay to Plaintiff unpaid minimum wage, and liquidated damages;

    B. Grant Plaintiff costs and an award of reasonable attorney's fees pursuant to the FLSA; and

    C. Grant Plaintiff trial by jury and such further relief as the Court deems just and equitable.

## COUNT II
### (Recovery of Misappropriated Tips)

20. Plaintiff incorporates paragraphs 1 through 15 as if fully stated herein.

21. For each week during the last three years, Defendants refused to allow Plaintiff to retain all tips generated by his work in violation of 29 U.S.C. § 203(m).

22. Plaintiff is entitled to recover from Plaintiff all tips misappropriated by Defendants based on (1) wine sales, (2) credit card transaction fees; and (3) use of GratShare.

23. Plaintiff is also entitled to recovery of credit card tips misappropriated from him after the Sea Salt re-opened in May 2020.

24. Plaintiff is entitled to actual and liquidated damages.

**WHEREFORE**, Plaintiff requests this Honorable Court to:

    A.  Grant a judgment requiring Defendants to disgorge any credit card tips misappropriated from Plaintiff;

    B.  Grant a judgment requiring payment of liquidated damages.

    C.  Grant Plaintiff costs and an award of reasonable attorney's fees pursuant to the FLSA; and

    D.  Grant Plaintiff trial by jury and such further relief as the Court deems just and equitable.

## **DEMAND FOR TRIAL BY JURY**

Plaintiff demands trial by jury as to all issues so triable.

                Respectfully submitted,

                    /s/ Craig L. Berman
                    Craig L. Berman, Esquire
                    Fla. Bar No. 068977
                    111 Second Avenue N.E.
                    Suite 706
                    St. Petersburg, FL 33701
                    (727) 550-8989
                    (727) 894-6251
                    craig@bermanlawpa.com

                    **TRIAL COUNSEL FOR PLAINTIFF**